no act of congress allowing such costs to be taxed in this court.

D. C. Holbrook, for plaintiff.
C. J. Walker, for defendant.

LONGYEAR, District Judge. A suit removed from a state court comes into this court impressed with all the rights and liabilities of parties as to costs which accrued or attached by the laws of the state while the suit remained in the state court. Acts of congress prescribing what costs may or may not be taxed apply only to such costs as accrue after the removal has become complete and this court is invested with jurisdiction.

In the state court, in case of discontinuance, the defendant would be entitled by the state laws to all his costs made up to that time, and I think this court is bound, in case of removal to this court before discontinuance, to administer those laws as to all such costs which accrued while the suit remained in the state court.

No adjudicated case involving this exact question has fallen under my notice, but the cases cited below involve principles applicable to this question, and so far as they go, fully sustain the foregoing propositions. I am also informed by my brother Judge Withey, of the Western district, that such has always been the uniform practice there. See Ellis v. Jarvis [Case No. 4,403]; Field v. Schell [Id. 4,771]; Gier v. Gregg [Id. 5,406]; Ackerly v. Vilas [Id. 120].

The clerk is therefore directed in this, and all like cases, to tax to the party recovering costs, all costs to which he would have been entitled under the state laws, accrued while the suit remained in the state court, and up to the time the suit was duly entered in this court. Ordered accordingly.

---

## Case No. 17,925.
WOLF v. The MAITLAND.
[See Case No. 8,979.]

---

## Case No. 17,925a.
WOLF v. MUTUAL BENEFIT LIFE INS. CO.
[2 Cin. Law Bul. 304.]
Circuit Court, S. D. Ohio. 1877.

LIFE INSURANCE—SUICIDE—INSANITY—TEMPERATE HABITS.

[1. Under a policy conditioned to be void in case the insured should "die by his own hand," there is no liability if the insured kills himself while in the possession of his ordinary reasoning faculties, and from anger, pride, jealousy, or a desire to escape from the ills of life. If, however, his reasoning faculties are so far impaired that he is not able to understand the moral character, the general nature, consequences, and effect of his act, or if he was impelled thereto by an insane impulse, which he had not the power to resist, the insurer is liable.]

[2. A representation in the application that the applicant is "sober and temperate" does not mean that he totally abstains from the use of intoxicating liquors, or that he may not have been drunk on some occasions. It means, rather, that he is temperate in the use of spirituous liquors,—not addicted to their excessive use.]

P. Houk and G. R. Sage. for plaintiff.
Young & Gotschall, for defendant.

SWING, District Judge (charging jury). The petition in this case alleges, in substance, that on the 5th day of March, 1866, the defendant entered into a contract of insurance with the plaintiff (who was then the wife of John T. Wolf), whereby, in consideration of an annual premium of $195.30, to be paid on the 5th of March in each year, it insured the life of the said John T. Wolf for the period of life, or for twenty years if that event should not sooner occur, in the sum of $5,000, said sum to be paid by the defendant to the plaintiff after notice and proof of the death of the said John T. Wolf. That she paid the premiums according to the terms of the policy. That her said husand died March 31, 1869. That she had made proof of death within ten days thereafter, and gave notice and proof thereof to the defendant, demanding an adjustment and payment, but defendant refused and still refuses to pay the same. That she has complied with all the conditions of the policy on her part, and asks judgment for $5,000. with interest from the 31st day of March, 1869.

The answer sets up eight separate defenses, all of which, except the first and fifth, have been abandoned by the defendant. The first defense is, that the contract contained a condition that in case the said John T. Wolf should die by his own hand, said policy should be void, null and of no effect, and that said John T. Wolf committed suicide by drowning himself. The fifth defense is, that the contract was made and entered into and said policy was issued in consideration of the representations made to said company, in the application of said plaintiff for said policy, and it was then and there agreed that the answers of the said John T. Wolf in said application should form the basis of said contract between himself and said company, and that the said John T. Wolf, in said application, answered and represented, that he was sober and temperate, and had always been so, whereas in fact, the said John T. Wolf was not at the time sober and temperate, but was then, and for a long time prior thereto had been, intemperate, and in the habit of drinking intoxicating liquors intemperately and to excess.

The plaintiff replies to the first defense: 1. She denies that John T. Wolf committed suicide by drowning or by any other means. 2. That if the said John T. Wolf committed suicide, he was of unsound mind before and at the time of his death, and that at said time his faculties were impaired to such an extent, that he was unable to understand the moral or physical character, nature or con-